JACKSONWHITE
ATTORNEYS AT LAW
A Professional Corporation

40 North Center, Suite 200
Mesa, Arizona  85201
(480) 464-1111
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:   Michael R. Pruitt, No. 011792
         mpruitt@jacksonwhitelaw.com
         Nathaniel Hill, No. 028151
         nhill@jacksonwhitelaw.com

**IN THE UNITED STATES DISTRICT COURT,**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Angela Marshall filing individually and on behalf of all others similarly situated;<br><br>Plaintiff<br><br>vs.<br><br>Multi-Systems, Inc., an Arizona corporation;<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**The Fair Labor Standards Act, 29 U.S.C. § 201**<br><br>**Collective Action**<br><br>**(Jury trial requested)** |

Plaintiff, Angela Marshall ("Marshall" or "Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Multi-Systems, Inc. ("MSI"), an Arizona corporation, by and through her undersigned counsel, for her Complaint alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1.  This action arises under the statutes of the United States for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 since this matter arises under a federal statute.

3. Pursuant to 29 U.S.C. § 216(b), this Court has jurisdiction over this matter as an action brought by Plaintiff as an individual and as a collective action brought on behalf of all current and former similarly situated employees of MSI.

4. MSI is a covered employer subject to the provisions of the FLSA since it is involved in interstate commerce and generates annual revenue in excess of $500,000.

5. Venue is appropriate to this court because many of the acts alleged herein occurred within this District in the State of Arizona, because MSI conducts business and is headquartered within this District in the State of Arizona, and because Plaintiff Marshall resides within this District in the State of Arizona.

**PARTIES**

6. Plaintiff Marshall is filing this collective action as an individual and on behalf of all other similarly situated current and former MSI employees. Her written consent form for joining this lawsuit is attached herein as Exhibit "1."

7. Ms. Marshall is a resident of Phoenix, Arizona.

8. Ms. Marshall began working for MSI as a contract worker on March 22, 2004. As a contract worker, MSI categorized and claimed that Ms. Marshall ostensibly qualified as an independent contractor. On September 8, 2008, Ms. Marshal became a full time employee and worked for MSI until her termination on January 7, 2011.

9. MSI is an Arizona corporation registered and in good standing with the Arizona Corporation Commission. MSI has its headquarters in Phoenix, Arizona and conducts business throughout the United States.

**BACKGROUND FACTS**

10. Under the FLSA, 29 U.S.C. § 207, covered employees are required to receive overtime wages at a rate of at least 1 ½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

11. Under the FLSA, employers are required to keep accurate records related to compensation and hours worked by all non-exempt covered employees.

12. MSI develops, markets and supports property management software for hotel/motel client properties located throughout the United States. MSI also provides related software products and technology services including integrated sales and catering software and point of sales software designed to work in conjunction with its hotel/motel property management software.

13. MSI property management software is designed to run the hotel/motel property and handle essential functions such as reservations, check-in/check-out, billing, front desk functions, housekeeping, accounting, sales and marketing using the client property's existing computer network.

14. Dedicated MSI sales personnel sell the property management and related software to MSI's hotel/motel clients.

15. MSI sales personnel also sell computer server and/or computer hardware to run the software. If the client property does not purchase computer hardware from MSI, it will often ship suitable computer equipment to MSI for software installation and configuration.

16. After completion of a sale, dedicated MSI employees/technicians working at MSI, load and configure the MSI software onto the computer hardware purchased from MSI or provided by the client property.

17. After software installation and configuration, the computer hardware is then shipped to the client's property.

18. An integral and indispensable part of the software packages sold by MSI is the training MSI provides to the management and employees of the hotel/motel property in how to use the purchased software.

19. During the course of her employment with MSI, Ms. Marshall and other similarly situated co-workers performed this essential training function under several different job titles. Despite variations in job title, the training function procedures and duties were identical.

20. While working as a contract worker/independent contractor, the training position job title held by Ms. Marshall and others was that of "contract trainer." While working as a full time employee, on information and belief the training position job title held by Ms. Marshall and others was first "training specialist," and more recently "implementation specialist."

21. Ms. Marshall and all other current and former MSI employees working as contract trainers, training specialists and implementation specialists (collectively referred to herein as an "MSI training employees") are similarly situated employees subject to the provisions of the FLSA.

4

22. Ms. Marshall and the other MSI training employees routinely work in excess of forty hours during a workweek.

23. Ms. Marshall and the other MSI training employees do not qualify for any of the specific exemptions to the payment of overtime wages in the FLSA and should rightly receive overtime wages for any hours worked in excess of forty hours during a workweek.

24. Subsequent to the sale of a software package, MSI assigns an MSI training employee, such as Ms. Marshall, to travel to the hotel/motel client property and train the management and employees of the hotel/motel property in how to use the MSI software.

25. Upon arriving at the client property, Ms. Marshal and the other MSI training employees perform minimal hardware and software setup according to standardized procedures created by MSI and a standardized questionnaire filled out by the client property. Examples include plugging the computer hardware into the client property's existing computer network, running standardized setup routines at various workstation computers and setting up the property management software.

26. While onsite at a client property, Ms. Marshall and the other MSI training employees spend the great majority of their time training the hotel/motel staff in how to use the MSI software purchased by the client.

27. While onsite at the client property, Ms. Marshall and the other MSI training employees routinely work 10 to 12 hour workday.

28. When they are not traveling or on-site at a client property, these same MSI training employees, including Ms. Marshall, are scheduled to report to an MSI facility and provide training

5

on how to use the MSI software by e-mail, telephone and/or computer to client property managers and employees.

29. All training provided by MSI training employees is performed according to consistent standardized policies and procedures common to all software packages sold by MSI.

30. While contract trainers are classified by MSI as independent contractors, contract trainers should rightly be classified as employees subject to the provisions of he FLSA.

31. MSI fully controls the manner in which the services and duties of contract trainers are performed. MSI sets contract trainers' work schedules and directs when, where and how contract trainers are to work and perform their duties.

32. Contract trainers are compensated by the length of time they work (i.e., a set amount per day while traveling or onsite at a client property or by an hourly rate of pay while working at an MSI facility) and are not compensated based on completion of a specific job or task.

33. MSI provides all the equipment and materials needed by contract trainers to perform their training related duties for MSI.

34. The employment relationship between MSI and a contract trainer is designed to be longstanding and ongoing in nature and not short term or related to the completion of one specific job or task.

35. The training related services and tasks performed by contract trainers are an indispensable and integral part of MSI's business.

36. Contract trainers do not maintain or operate a separate and distinct training related business operation outside of MSI and do not provide training to hotel/motel properties or staff outside of their employment with MSI.

37. MSI training employees working as contract trainers, including Ms. Marshall, are deliberately and willfully mis-classified by MSI as independent contractors.

38. Ms. Marshall has a BA in hotel management and worked as a hotel/motel assistant front desk manager prior to being hired by MSI. Ms. Marshall does not have a technical or computer background and did not receive any specialized technical or computer training prior to being hired by MSI.

39. On information and belief, most if not all MSI training employees have employment backgrounds similar to Ms. Marshall, i.e., working in the hospitality industry prior to being hired by MSI.

40. On information and belief, MSI training employees do not receive bonuses or commissions.

41. All contract trainers are compensated by MSI according to one standardized policy and system.

42. Training specialists and implementation specialists receive a "travel incentive" of $30 per day when they are traveling or on-site at a client property.

43. All training specialists and implementation specialists are compensated by MSI according to one standardized policy and system.

44.     Ms. Marshall and the other MSI training employees are not directly involved in the sale of MSI software or computer hardware.

45.     Ms. Marshal and the other MSI training employees are not generally involved in the software loading and configuration of the computer hardware. On some occasions, Ms. Marshall and the other MSI training employees may perform relatively simple software loading and/or computer configuration tasks under the direct supervision of MSI support personnel or by following detailed step-by-step documents provided by MSI.

46.     Ms. Marshall and all other MSI training employees are under the direct control and supervision of MSI's Director of Implementation, Tim Conroy.

47.     Ms. Marshall and the other MSI training employees are each given a schedule generated by MSI and Mr. Conroy outlining the client properties to which they are assigned to travel and the number of days to spend at each client property.

48.     Ms. Marshall and the other MSI training employees were fully trained by MSI in how to perform the minimal hardware and software setup performed as part of their duties subsequent to being hired by MSI.

49.     Ms. Marshall and the other MSI training employees are trained by MSI in how to use the MSI software they will later be training hotel/motel staff in using. Ms. Marshall and the other MSI training staff are also trained by MSI in how to conduct the training of these hotel/motel employees in how to use MSI software. MSI utilizes a standardized training process for training all MSI training employees, including Ms. Marshall.

50. Training of the hotel/motel staff is done according to set policies and procedures dictated and controlled by MSI. This hotel/motel staff training consists of standardized training sessions for the various categories of hotel/motel staff. These categories include management, front desk, sales/catering, housekeeping, reservations and accounting.

51. MSI provided Ms. Marshall and the other MSI training employees with detailed outlines and checklists specifying the topics and issues which need to be covered during the training of the hotel/motel staff.

52. If Ms. Marshall or one of the other MSI training employees encounter a technical problem, error or other issue with the MSI software or hardware, they contact MSI support personnel in order to determine a solution to the problem and/or resolve the issue.

53. MSI employs dedicated support personnel who provide technical support to MSI clients and troubleshooting problems with MSI software or computer hardware.

54. Ms. Marshall and the other MSI training employees are expected to follow set procedures and policies written and dictated by MSI in the performance of their job duties. MSI does not allow MSI training employees to exercise discretion or use independent judgment in the performance of their job duties.

55. Ms. Marshall and the other MSI training employees do not supervise other MSI employees.

56. The duties of Ms. Marshall and the other MSI training employees are part of the production and marketplace offering of MSI and do not involve the performance of office or non-manual work directly related to the management or general business operations of MSI or the

customers of MSI. The primary duties of Ms. Marshall and the other MSI training employees do not include the exercise of discretion and independent judgment with respect to matters of significance for MSI. Therefore, Ms. Marshall and the other MSI training employees do not qualify as administrative employees exempt from the payment of overtime wages.

57. The work of Ms. Marshall and the other MSI training employees does not require the consistent exercise of discretion and judgment or knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Therefore, Ms. Marshall and the other MSI training employees do not qualify as learned professionals exempt from the payment of overtime wages.

58. The duties of Ms. Marshall and the other MSI training employees are not those of a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker. Therefore, Ms. Marshall and the other MSI training employees do not qualify as computer professionals exempt from the payment of overtime wages.

59. MSI often requires and expects Ms. Marshall and the other MSI training employees to work in excess of forty hours during a workweek without receiving overtime compensation.

60. MSI exercised control over the wages, hours and working conditions of Ms. Marshall and the other MSI training employees.

61. This collective action arises from an ongoing illegal and improper scheme by MSI to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay Ms. Marshall and the other MSI training employees the overtime wages legally due them.

10

62.     Ms. Marshall, on behalf of herself and others similarly situated, alleges that MSI knowingly and willfully violated, and continues to violate, the provisions of the FLSA by falsely and improperly claiming that Ms. Marshall and the other MSI training employees are exempt from the overtime wage provisions of the FLSA.

63.     MSI knows or should have known that its policies regarding payment of overtime wages as described herein violate the FLSA.

64.     All decision(s) regarding whether or not to pay overtime wages to Ms. Marshall and the other MSI training employees were made with the knowledge, approval and at the direction of MSI's ownership and/or management.

65.     MSI willfully and knowingly failed to maintain a full record and accounting of the number of hours worked by Ms. Marshall and the other MSI training employees in violation of the record keeping requirements of the FLSA.

66.     MSI employs human resources personnel and legal counsel to ensure compliance with all applicable federal employment statutes such as the FLSA.

67.     The illegal policies and practices described herein are part of a centralized policy, practice and scheme developed and orchestrated by MSI and its ownership and management.

68.     As an employer, MSI is responsible for the illegal conduct and policies described herein related to the failure to comply with the provisions of the FLSA.

69.     The actions of MSI in deliberately failing to pay Ms. Marshall and the other MSI training employees the overtime wages rightfully due them was done for the purpose of enriching

and benefitting MSI and its owners. As a result, Ms. Marshall and the other MSI training employees have suffered economic damages.

70. Pursuant to the provisions of 29 U.S.C. § 216(b), Ms. Marshall seeks to pursue an action on behalf of herself as an individual and as a collective action on behalf of the class of other similarly situated current and former MSI contract trainers, training specialists and implementation specialists who have not been paid their legally required overtime wages in the three years preceding this lawsuit.

71. As a collective action, those similarly situated to Ms. Marshall may join this lawsuit by filing consent to join forms with the Court.

72. As appropriate, Plaintiff reserves the right to amend and supplement the definition of the class of similarly situated individuals as information is disclosed and uncovered through future discovery.

## COUNT 1
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

73. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

74. MSI improperly classified Ms. Marshall and all other similarly situated contract trainers as independent contractors. Contract trainers should rightly be classified as employees subject to the provisions of the FLSA.

12

75. Ms. Marshall and all other similarly situated current and former contract trainers, training specialists and implementation specialists are covered by the overtime wage provisions of the FLSA as outlined in 29 U.S.C. § 207.

76. Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists routinely worked, and continue to work, in excess of forty hours during their workweek without receiving overtime compensation in violation of the FLSA.

77. Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists do not rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

78. Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists were and continue to be legally entitled to receive overtime compensation at a rate of one and one-half (1 ½) times their regular hourly wage for any hours worked in excess of forty hours in a workweek.

79. As a result of the illegal and improper policy of MSI regarding the payment of overtime wages as previously outlined, Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists have suffered economic damages in an amount to be proved at trial.

80. The policy of MSI to not pay overtime wages to Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists was willful, entitling Ms. Marshall and all other similarly situated collective action members to

recover damages for the three years preceding the date at which they joined this action as provided for by the FLSA and 29 U.S.C. § 255(a).

81. As provided for by the FLSA, MSI is liable to Ms. Marshall and all other similarly situated collective action members for liquidated damages in an amount equal to their economic damages and their reasonable attorneys' fees and costs.

82. As a result of violating the FLSA, MSI is also liable to Ms. Marshall and all other similarly situated collective action members for recovery of any other damages as provided for under applicable statute.

**WHEREFORE,** Ms. Marshall and all other similarly situated current and former MSI contract trainers, training specialists and implementation specialists request that this Court enter judgment in their favor and against the Defendant as follows:

A. Declare and certify that this action can proceed as a collective action on behalf of Ms. Marshall and those similarly situated current and former MSI contract trainers, training specialists and implementation specialists;

B. Issue an Order that notice of this collective action be sent to all similarly situated current and former MSI employees employed as contract trainers, training specialists and implementation specialists at any time during the period starting three years prior to the filing of this lawsuit through the present informing them of the opportunity to join this collective action through the filing of consent to join forms with the Court;

14

C. Declare that Ms. Marshall and those similarly situated who join this collective action are legally entitled to collect overtime wages and that the policy of MSI to not pay overtime wages to Ms. Marshall and all similarly situated current and former MSI employees was, and continues to be, illegal and improper and in violation of the FLSA;

D. Declare that the actions of MSI in failing to pay overtime wages were willful and that a three year statue of limitations should apply for Ms. Marshall and those similarly situated for the purpose of collecting the overtime wages properly due them;

E. Enter a judgment against MSI in an amount to be proved at trial as compensation to Ms. Marshall and those similarly situated who join this collective action for the overtime wages that MSI illegally and improperly withheld in violation of the FLSA;

F. Declare that Ms. Marshall and those similarly situated who join this collective action are entitled to all remedies available to them under the FLSA including unpaid overtime wages, liquidated damages and attorneys' fees and costs;

G. Award Ms. Marshall and those similarly situated who join this collective action interest at the highest rate allowable on their unpaid wages from the time that MSI was legally obligated to pay those wages;

H. Award Ms. Marshall and those similarly situated who join this collective action prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

I.     Award Ms. Marshall and those similarly situated who join this collective action interest on all sums awarded in judgment at the highest legal rate allowable from the date of judgment until paid;

J.     That Ms. Marshall and those similarly situated who join this collective action recover any and all other damages or amounts to which they are legally entitled;

K.     That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require MSI to file such reports as the Court deems necessary to evaluate such compliance; and

L.     For such other and further relief as this Court deems just and proper.

**DATED** this 8th day of June, 2011.

**JACKSON WHITE**

s/ Michael R. Pruitt
By:   Michael R. Pruitt, No. 011792
         Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff

F:\MNO\Marshall, Angel\Pleadings\Complaint.Collective.Marshall.wpd